## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Aug. 26, 2013 | 6513 Perkins Road, Baton Rouge, LA 70808-4259 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Joseph P. Brantley, IV, through his employee, K. Webre | Certified Mail, Return Receipt Requested, at his Law Offices |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Barry W. Miller | Attorney at Law |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on Aug. 28, 2013
DATE

SIGNATURE OF SERVER

9311 Bluebonnet Blvd
Baton Rouge, LA 70810
Phone 225-767-1499

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
  (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information;
   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
   (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage | $

Return (Endorsement)
Restricted (Endorsement)
Total Post

Joseph P. Brantley, IV
6513 Perkins Road
Baton Rouge, LA 70808-4259

Sent To
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

PS Form 3800, August 2006    See Reverse for Instructions

7007 1490 0000 2741 6929

UNITED STATES POSTAL SERVICE  BATON ROUGE LA 708
26 AUG 2013

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**BARRY W. MILLER**
*Heller, Draper, Patrick & Horn*
9311 Bluebonnet Blvd.
Baton Rouge, LA 70810

Re: Regions

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Joseph P. Brantley, IV
6513 Perkins Road
Baton Rouge, LA 70808-4259

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by (Printed Name)  L. Weber
C. Date of Delivery  8.20.13

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)
7007 1490 0000 2741 6929

PS Form 3811, August 2001    Domestic Return Receipt    2ACPRI-03-P-4081

# UNITED STATES BANKRUPTCY COURT

Western District Louisiana

| | |
|---|---|
| In re Louisiana Riverboat Gaming Partnership, et al, Debtor | **SUBPOENA IN AN ADVERSARY PROCEEDING** |
| Global Gaming Legends, LLC, et al, Plaintiff | Case No. * 12-12013 |
| V. | Chapter 11 |
| Legends Gaming of Louisiana-1, LLC, et al, Defendant | Adv. Proc. No. * 13-1007 c/w 13-1008 |

To: Joseph P. Brantley, IV, at his law offices, 6513 Perkins Road, Baton Rouge, Louisiana 70808-4259.

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed on Attachment "A" attached hereto and incorporated herein.

| PLACE | DATE AND TIME |
|---|---|
| Brantley & Associates, APLC<br>6513 Perkins Road<br>Baton Rouge, Louisiana 70808 | September 13, 2013 at 10:00 o'clock a.m. |

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Barry W. Miller, Attorney for Legends Gaming of Louisiana-1, LLC, et al /s/ Barry Miller | DATE August 22, 2013 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Barry W. Miller with Heller, Draper, Patrick & Horn, LLC, 9311 Bluebonnet Blvd., Suite B, Baton Rouge, Louisiana 70810; Phone (225) 767-1499; email: bmiller@hellerdraper.com

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

# ATTACHMENT "A"
(Subpoena Duces Tecum to Joseph P. Brantley, IV)

## A. INSTRUCTIONS:

1. Documents produced in response hereto shall be organized and designed to correspond to the categories set forth below or produced as they are kept in the usual course of business.

2. The Subpoena Duces Tecum shall extend to all documents and electronically stored information that are or have been in the possession, custody or control of the party to whom the subpoena is directed, or their employees, agents or other representatives (including, but not limited to, attorneys or partners), at any time during the period of time covered by the requests for production of documents.

3. All documents produced in response to this subpoena shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested.

## B. DEFINITIONS:

1. As used herein, the term "**document**" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each non-identical copy, regardless of origin and location, of any book, pamphlet, periodical, letter, correspondence, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statements, deposit slips, receipts, cancelled checks, bank statements, promissory notes, mortgages, liens, security agreements, UCC-1, account registry, diary, calendar, telex, telegram, cable, report, record, agreement, contract, phone message, email, ledger, journal, spread sheet, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody or control, or which was, but no longer is, in Your possession, custody or control.

2. As used herein, the term "**communication**" means, without limitation, any oral, written, or electronic transmissions of information demands, statements, or questions, including but not limited to, conversations, meetings, minutes, telephone calls, discussions, "e-mail" transmissions, voice mail, telegrams, telecopies, facsimiles, telexes, conferences, writings, letters, memoranda, notes, messages or documents.

3. As used herein, "**Global**" shall mean Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Bossier City, LLC, and Global Gaming Solutions, LLC, and their agents, representatives, attorneys, employees, officers and directors.

{00335156-3} 1.

4. As used herein, **"Legends"** shall mean the debtors in the Bankruptcy Cases, and the Defendants and Plaintiffs In Counterclaim in the above captioned complaint, Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC and their agents, representatives, attorneys, employees, officers and directors.

5. As used herein, **"APA"** shall mean the Asset Purchase Agreement " entered into between Global and Legends dated July 25, 2012.

7. As used herein, the term **"Amended APA"** shall mean the Amended APA entered into between Global and Legends on November 29, 2012.

8. As used herein, the term **"agent"** shall mean any agent, representative, consultant, advisor, analyst, accountant, attorney, director, employee, and officer, or expert in any field, of or employed by the named party or any of its related entities.

9. As used herein, the term **"Bankruptcy Case"** shall mean the administratively and jointly consolidated bankruptcy cases of the Legends entities, filed and pending in the United States Bankruptcy Court for the Western District of Louisiana, Shreveport Division, being lead case number 12-12013.

10 As used herein, the term **"Board** "shall mean the Louisiana Gaming Control Board, and any representatives, divisions or subcommittees thereof.

11. As used herein, the term **"You"** or **"Your"** shall mean Joseph P. Brantley, IV, and his agent as defined above.

12. As used herein the term **"Operational Documents"** shall mean any documents concerning or analyzing or summarizing the operational performance of Legends or its financial performances, including gross revenues, capital expenditures, expenses, costs, and other accounting summarization's or reports, accounting records or any documents concerning the operations, or business affairs of Legends.

## C. DOCUMENTS REQUESTED:

1. Any and all communications and documents between You and the Board concerning or relating to the operations of Global.

2. Any and all communications and documents between You and Global concerning or relating to Global obtaining the necessary licenses and/or operating permits as required under the APA and Amended APA.

3. Any and all communications and documents between You and Legends concerning or relating to Global obtaining the necessary licenses and/or operating permits as required under the APA and Amended APA.

4. Any and all communications and documents concerning or relating to the negotiations and agreements between Global and Legends.

5. Any and all communications and documents between You and any individuals who were involved in the monitoring, observation or consulting of Legends' operations subsequent to the execution of the APA and individuals who received any Operational Documents or reports, including financial information concerning the Legends' operations subsequent to the execution of the APA and any individuals who evaluated or reviewed any financial information or operational information of the debtor subsequent to the execution of the APA.

6. Any and all internal memoranda, internal reports, emails or any communications amongst and between You and the agents of Global concerning or in any manner related to Legends.

7. Any and all documents and communications between You and any of Global's committees, boards or subcommittee who participated in any evaluations, discussions or decisions concerning Legends, including decisions concerning the APA, Amendment to the APA, Global's pursuit of any licenses, approvals, authorizations or permits from the Board or any decisions concerning any course of action concerning the Bankruptcy Case and the filing of any legal pleadings or taking any course of action in the Bankruptcy Case, or concerning Legends' or Global's pursuit or any licenses, approvals, authorizations or permits from the Board.

8. Any and all communications received from any agents or representatives or employees of Legends by You as an agent of Global, including emails, financial reports, financial information, operational reports status reports or any other information received from or concerning Legends.

9. All communications between You and Global and the Board, including any and all reports, applications, requests for information, emails, letters, correspondence, transmittal of information, financial reports, or financial information transmitted concerning or in any way related to the APA or Amended APA or Global's attempt to obtain any licenses, permits, approvals , authorizations or certifications from the Board.

10. All communications between You and Global and any governmental regulatory agency or board and any and all communications and/or transmittal of financial records or other documents to such regulatory agency or board concerning Global's attempts or efforts to obtain regulatory approval of the terms and provisions of the APA.

{00335156-3} 3.

13-01007 - #76  File 08/28/13  Enter 08/28/13 10:01:01  Main Document  Pg 6 of 10

11. Any and all documents transmitted by You to the Board or received by You from the Board, concerning or in any manner related to the APA, Amended APA, Legends, Global, or any persons or entities related to Global or Legends concerning Global's attempts to obtain any licenses, approvals, authorizations or permits from the Board or any other governmental agencies or divisions. .

12. Any and all documents transmitted by You to Global or received by You from Global concerning or in any manner related to the APA, the amended APA, Legends, the Board, or Global's attempts to obtain any licenses, approvals, authorizations or permits.

13. Any and all documents and communications, including, but not limited to letters, reports, emails, corporate resolutions, shareholder resolutions, mangers' resolutions, minutes of meetings of any boards or committees or shareholders or members, or emails, containing any communications between, amongst or issued or resolved by any and all directors, officers, agents, managers, employees, experts, accountants, advisors, consultants, analysts, shareholders, members of Global concerning or in any manner related to the APA, the Amended APA, the Board, Legends, the financial status of Legends, the operations of Legends, Global's attempts to obtain any approvals, licenses, authorizations or permits from any governmental agencies, boards, regulatory authorities or commissions.

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Case No.12-12013 |
| | : | |
| LOUISIANA RIVERBOAT GAMING PARTNERSHIP, *et al.*[1] | : | Chapter 11 |
| | : | |
| | : | Jointly Administered |
| Debtors. | : | |

GLOBAL GAMING LEGENDS, LLC, ET AL. : 
v. :
 : Adversary No. 13-1007
LEGENDS GAMING OF LOUISIANA-1, LLC, ET AL. :

\* \* \* \* \* \* \* \* \* \* CONSOLIDATED WITH \* \* \* \* \* \* \* \* \* \* \* \*

LOUISIANA RIVERBOAT GAMING PARTNERSHIP, ET AL ET AL :
 : Adversary No. 13-1008
v. :
GLOBAL GAMING LEGENDS, LLC, ET AL :

## NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM
## TO JOSEPH P. BRANTLEY, IV

TO: Global Gaming Legends, LLC, et al
through their attorney of record,
Louis M. Phillips
Gordon, Arata, McCollam
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916

Intervenors,
through their attorney of record,
S. Ault Hootsell, III
Canal Place, Suite 2000
365 Canal Street
New Orleans, LA 70130-6534

---

[1] Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [Main Case, P-6].

{00335168-1}                                1.

NOTICE IS HEREBY GIVEN that, pursuant to Rule 45 of the Federal Rule of Civil Procedure, made applicable herein by Fed. R. Bankr. P. 9016, Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC, through undersigned counsel, have issued a Subpoena Duces Tecum to Joseph P. Brantley, IV, ordering him to produce the documents listed in Attachment A, at the law offices of Brantley & Associate, APLC located at 6513 Perkins Road, Baton Rouge, Louisiana 70808, on September 13, 2013, at 10:00 o'clock a.m. A copy of the Subpoena Duces Tecum and Attachment A are attached hereto and incorporated herein.

Respectfully submitted,

/s/ *signature*

William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
Tristan Manthey, La. Bar No. 24539
**HELLER, DRAPER, PATRICK & HORN, L.L.C.**
9311 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: 225.767.1499 // Fax: 225.761.0760

**Counsel for Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC**

# CERTIFICATE OF SERVICE

I, Barry W. Miller, attorney for Legends Gaming of Louisiana-1, LLC, et al. hereby certify that the *Notice of Issuance of Subpoena Duces Tecum to Joseph P. Brantley, IV,* (the "Notice"), was served on August 22, 2013, via. Email to the following parties in interest:

Louis M. Phillips on behalf of Global Gaming Legends, LLC, et al via. lphillips@gordonarata.com

William H. Patrick, III on behalf of Legends Gaming of Louisiana-1, LLC, et al, via. wpatrick@hellerdraper.com

S. Ault Hootsell, IIII on behalf of Intervenors, Ad Hoc Group of First Lien Lenders, via. hootsela@phelps.com

Barry W. Miller on behalf of Legends Gaming of Louisiana-1, LLC via. bmiller@hellerdraper.com.

Elizabeth Spurgeon on behalf of Global Gaming Bossier City, LLC, via. espurgeon@gordonarata.com

Patrick "Rick" M. Shelby on behalf of the "Global Parties," via. pshelby@gordonarata.com

This 22d day of August, 2013.

Respectfully submitted,

*/s/ Barry W. Miller*
William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
Tristan Manthey, La. Bar No. 24539
**HELLER, DRAPER, PATRICK & HORN, L.L.C.**
9311 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: 225.767.1499 // Fax: 225.761.0760

**Counsel for Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC**