# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

|  |  |  |
|---|---|---|
| In re | : | Case No.12-12013 |
|  | : |  |
| **LOUISIANA RIVERBOAT GAMING** | : | **Chapter 11** |
| **PARTNERSHIP,** *et al.* | : |  |
|  | : | **Jointly Administered** |
| Debtors. | : |  |

|  |  |  |
|---|---|---|
| **GLOBAL GAMING LEGENDS, LLC,** | : |  |
| **ET AL.** | : | **Adversary No. 13-1007** |
|  | : |  |
| **v.** | : | **CONSOLIDATED WITH** |
|  | : |  |
|  | : | **Adversary No. 13-1008** |
|  | : |  |
| **LEGENDS GAMING OF LOUISIANA-1,** | : |  |
| **LLC,** *et al.* | : |  |
|  | : |  |

## DECLARATION OF JOSEPH P. BRANTLEY, IV
## IN SUPPORT OF JOINT MOTION FOR PROTECTIVE ORDER FILED BY
## GLOBAL GAMING SOLUTIONS, LLC AND JOSEPH P. BRANTLEY, IV

I, Joseph P. Brantley, IV, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     My name is Joseph P. Brantley, IV, and I am the managing partner at the law firm, Brantley & Associates, APLC (the "Firm"). I am over the age of 18, and I am competent to make the statements contained herein. My statements here are true and correct and within my personal knowledge.

2.     Global Gaming Solutions, LLC ("Global") engaged the Firm to represent and advise it in connection with acquiring regulatory approval from the State of Louisiana to operate the Diamond Jacks casino in Bossier City, Louisiana. Attached is a true and correct copy of the Retainer Agreement Letter from the Firm to Global, dated April 19, 2012 ("Engagement

1

Exhibit 1

Letter"), attached hereto as Exhibit A.

3.     In addition to the Engagement Letter, the Firm sent Global a conflict of interest waiver, confirming that Global was aware the Firm had a separate attorney client relationship with the Legends Gaming, LLC ("Legends") concerning "other matters." A true and correct copy of the Waiver of Conflict of Interest Letter from the Firm to Global, dated April 19, 2012 ("Conflict Waiver"), is attached hereto as Exhibit B.

4.     The Firm asked Global to acknowledge that the Firm was already representing Legends in connection with its ongoing regulatory obligations as the current and existing operator of the Diamond Jacks casino in Bossier City, Louisiana, and to waive the conflicts of interest that might arise in light of the fact that Global was contemplating the acquisition of Legends.

5.     The Firm's representation of Global for purposes of obtaining regulatory approval to assume operations of the Bossier City casino was separate and distinct from the Firm's representation of Legends. Global and Legends were not jointly represented in connection with Firm's efforts to obtain regulatory approval for Global. The identical situation existed in Mississippi with Mississippi regulatory counsel Thomas Shepherd.

5.     On August 22, 2013, Legends' counsel served a subpoena on me, requesting, among others, communications and documents between Global and myself that relate to the subject of this litigation. A true and correct copy of the Subpoena Duces Tecum is attached hereto as Exhibit C.

6.     Global has instructed the Firm and me to not produce privileged documents to Legends without Global's consent. A true and correct copy of the Letter from Gordon Arata McCollam Duplantis & Eagan LLP to the Firm, dated August 26, 2013, is attached hereto as

Exhibit D.

7.     I did not intend or believe that the Firm would jointly represent Global and Legends in connection with Global's efforts to obtain regulatory approval.

8.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     8/13/2013

JOSEPH P. BRANTLEY, IV



# BRANTLEY & ASSOCIATES
### *Attorneys and Counselors at Law*

JOSEPH P. BRANTLEY, IV
EMAIL: jpbrantley@gmail.com

IAN S. McCREA
Of Counsel

April 19, 2012

Global Gaming Solutions, LLC
c/o N. Martin Stringer, Esq.
McAfee & Taft, a Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

RE:   RETAINER AGREEMENT

Gentlemen:

Thank you for engaging Brantley & Associates, A Professional Law Corporation (the "Firm"), to represent and advise you in connection with all gaming and regulatory matters in Louisiana as such pertain to Global Gaming Solutions' acquisition of Legends Gaming and as you may additionally direct. This letter memorializes the Agreement between Client, and the Firm, (collectively the "Parties"). We understand the terms of the engagement of the Firm to be as set forth below.

1. **OUR EXPECTED SCOPE OF REPRESENTATION**
   Louisiana gaming regulatory matters and governmental relations.

2. **FEES GENERALLY**
   Client has agreed to be responsible for and pay all fees for professional services rendered by the Firm, as well as all interest and costs we incur in connection with our representation. Legal services will be billed on the basis of time spent by lawyers, paralegals and law clerks or administrative staff in handling any matter. At the present time, the rates that we will charge for lawyers range from $275.00 to $450.00 per hour; the rate for law clerks is $95.00 per hour; and the rate for legal assistants is $85.00 per hour. All rates are subject to change. Statements to Client will reflect the rate(s) in effect at the time services are performed. We will notify you in advance of any changes in rates, and rate changes will only be made to conform to rates in our geographic region or specialty for like professionals of comparable specialty experience or relationship status.

Exhibit A to Brantley Declaration

Client should understand that there are certain minimum time entries upon which we base our billing. For example, phone calls and email will be billed at a minimum of .25 hours, correspondence at a minimum .40 hours, and pleadings at a minimum .50 hours. Court or Administrative hearings will be billed at actual time, or a minimum of four (4) hours. Travel will be billed at actual time, and travel expense at .60 cents per mile or actual cost, whichever is greater.

3.    **FEE MODIFICATIONS**
In the event it is necessary for the Firm or any of its attorneys or staff to work beyond normal business hours, over weekends or on holidays, the Firm retains the right to modify any hourly rate fee so as to reasonably compensate for the overtime required. Normal business hours in Louisiana are from 8:00 a.m. to 5:00 p.m. CDT or CST, as may be the case. A representative of the Firm will always be available to Client for consultation or representation, and Client will be provided with night, weekend and holiday contact information

4.    **COSTS**
The costs mentioned in paragraph 2 above may include, but are not limited to, long distance telephone calls, photocopying, facsimiles, travel costs and related expenses, filing and recordation fees, postage, courier, and other fees not directly paid by Client.  The Firm is not obligated to advance or pay any required costs; as such, Client may be called upon to pay costs directly if the situation warrants.

5.    **STATEMENTS**
The Firm will render monthly statements for legal services and costs. Client agrees to pay each statement in full upon receipt but, not later than thirty (30) days after the statement date. All statements not paid in full by this time will bear interest at the rate of one and one-half percent ($1^{1}/_{2}\%$) per month on the unpaid portion from the statement date until paid.

6.    **RETAINER**
Our normal initial advanced deposit (the "Retainer") is waived.

7.    **STAFFING**
We anticipate that I will perform most of the work on this matter.  My hourly rate is currently $350.00 per hour. We will assign other Firm lawyers or staff to any matter if, in our professional opinion, that becomes necessary or advisable or the task assigned can be easily accomplished and save Client's money.  We are very conscious of the need, and will attempt at all times, to staff this matter in the most efficient and economic manner.

**8. OUTSIDE COUNSEL**

At our discretion and where the Firm believes it is in Client's best interest, the Firm will associate with outside counsel or consultants. Rates to be charged will not exceed the Firm's rates or those customary for like services in Louisiana, and best efforts will be made to insure no duplication of work product.

**9. TERMINATION**

Either Party may terminate this Agreement at any time upon written notice. However, Client shall remain responsible for all fees earned and expenses incurred by the Firm, together with any interest accrued on its account as of the effective date of termination

**10. NO GUARANTEE OF SUCCESS**

Issues involving gaming regulatory, matters are very detailed and complex, involving questions of personal and company suitability. Under Louisiana Gaming Laws, the regulators may conduct in depth investigations into both personal and business financial matters. A final determination of suitability for a gaming license or permit is dependent upon statutory criteria and is not guaranteed.

**11. NOTICES**

Any notices or communications required or needed pursuant to this Agreement shall be given as follows, with the primary method of communication being email, then by fax and lastly US Postal mail.

**FIRM:**    Joseph P. Brantley, IV
Brantley & Associates, A P.L.C.
6513 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 769-9555
Fax: (225) 769-9222
Email: jpbrantley@gmail.com

## WIRE INFORMATION

**BANK:**
Capital One Bank
6920 Bluebonnet Blvd.
Baton Rouge, LA 70810

**BANK ACCOUNT NAME:**
Joseph P. Brantley, IV
A Professional Law Corporation
6513 Perkins Road
Baton Rouge, LA 70808

**BANK OFFICER:**
Sue Frickie, V.P.,
Branch Manager
Phone (225) 381-7550

**BANK ACCOUNT NUMBER:**
792149103

**BANK ABA NUMBER:**
065 000 090

**CLIENT:** Global Gaming Solutions, LLC
c/o N. Martin Stringer, Esq.
McAfee & Taft, a Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

**12. CHOICE OF LAW**

The laws and Rules of Professional Conduct for the State of Louisiana shall govern this Agreement.

**13. SEVERABILITY**

The provisions of this Agreement are severable. The Parties mutually agree that if any court of competent jurisdiction adjudges any part of this Agreement invalid or unenforceable, then that invalid or unenforceable provision shall not invalidate the remaining provisions.

**14. ENTIRE AGREEMENT**

The foregoing covers the essential elements of our Attorney-Client relationship. If you would like me to further explain any aspect of our representation or to clarify any matters set forth herein, I will be happy to do so. If you have any other questions about a particular statement or any other aspect of our services, please feel free to bring it to my attention.

**15. EFFECTIVE DATE AND EXECUTION**

This Agreement shall be effective as of April 1, 2012 and any services rendered prior thereto shall be appropriately billed.

If this letter accurately sets forth our understanding of our Attorney-Client relationship, please date, sign, and return one copy as soon as possible.

Yours very truly,

Joseph P. Brantley, IV

*Agreed to and accepted this* _____ *day of* _____ *2012.*

GLOBAL GAMING SOLUTIONS, LLC

By: _____



# BRANTLEY & ASSOCIATES

*Attorneys and Counselors at Law*

JOSEPH P. BRANTLEY, IV
jpbrantley@gmail.com

IAN S. McCREA
Of Counsel

April 19, 2012

Global Gaming Solutions, LLC
c/o N. Martin Stringer, Esq.
McAfee & Taft, a Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

Re:     Global Gaming Solutions/Waiver of Conflict of Interest

Dear Martin:

Thank you for asking my firm to represent Global Gaming Solutions, LLC ("Global") in connection with their business activities in Louisiana. Specifically, we have been asked to represent Global in connection with the acquisition of the assets and/or membership interests of Legends Gaming, LLC ("Legends"). We understand that the business terms of the transaction are being negotiated by your firm, as counsel to Global and our role will be to serve as local counsel on Louisiana law and regulatory issues. We also understand that, with respect to any business terms of the transaction, Legends will retain and look solely to Brian Hart with Jenner & Block, LLP for representation in such matter.

This letter is to confirm that, based on the terms described in this letter; Global agrees to waive the conflict of interest, which exists with respect to our representing Legends and its affiliates in other matters. Should any other potential or actual conflict arise between Global and Legends, we may be precluded from further representation of any party in the matter absent an additional consent from the applicable parties. Under some circumstances, such as litigation between Global and Legends, a conflict could be sufficient that we would not be able to represent either Global or Legends in that matter, even with consent.

I would appreciate your having the enclosed copy of this letter executed by an authorized representative of Global in the space indicated below and returning it to me.

Exhibit B to
Brantley
Declaration

We are sending under separate cover a proposed engagement letter for our representation of Global.

Should you have any questions, please give me a call at your earliest convenience.

Yours very truly,

Joseph P. Brantley, IV

JPB/kdf

AGREED AND APPROVED:

GLOBAL GAMING SOLUTIONS, LLC

By: _____

Title: _____

Date: _____

We are sending under separate cover a proposed engagement letter for our representation of Global.

Should you have any questions, please give me a call at your earliest convenience.

Yours very truly,

Joseph P. Brantley, IV

JPB/kdf

AGREED AND APPROVED:

GLOBAL GAMING SOLUTIONS, LLC

By: _____

Title: MICHAEL CHANG
       VICE PRESIDENT

Date: 7/25/2012

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Case No.12-12013 |
| | : | |
| LOUISIANA RIVERBOAT GAMING | : | Chapter 11 |
| PARTNERSHIP, *et al.*[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

---

| | | |
|---|---|---|
| GLOBAL GAMING LEGENDS, LLC, | : | |
| ET AL. | : | |
| v. | : | |
| | : | Adversary No. 13-1007 |
| LEGENDS GAMING OF LOUISIANA-1, | : | |
| LLC, ET AL. | : | |

### * * * * * * * * * * * * CONSOLIDATED WITH * * * * * * * * * * * * *

| | | |
|---|---|---|
| LOUISIANA RIVERBOAT GAMING | : | |
| PARTNERSHIP, ET AL | : | |
| ET AL | : | |
| | : | Adversary No. 13-1008 |
| v. | : | |
| | : | |
| GLOBAL GAMING LEGENDS, LLC, | : | |
| ET AL | | |

## NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM
## TO JOSEPH P. BRANTLEY, IV

TO:    Global Gaming Legends, LLC, et al      Intervenors,
through their attorney of record,      through their attorney of record,
Louis M. Phillips      S. Ault Hootsell, III
Gordon, Arata, McCollam      Canal Place, Suite 2000
One American Place      365 Canal Street
301 Main Street, Suite 1600      New Orleans, LA 70130-6534
Baton Rouge, LA 70801-1916

---

[1]      Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [Main Case, P-6].

Exhibit C to
Brantley
Declaration

NOTICE IS HEREBY GIVEN that, pursuant to Rule 45 of the Federal Rule of Civil Procedure, made applicable herein by Fed. R. Bankr. P. 9016, Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC, through undersigned counsel, have issued a Subpoena Duces Tecum to Joseph P. Brantley, IV, ordering him to produce the documents listed in Attachment A, at the law offices of Brantley & Associate, APLC located at 6513 Perkins Road, Baton Rouge, Louisiana 70808, on September 13, 2013, at 10:00 o'clock a.m. A copy of the Subpoena Duces Tecum and Attachment A are attached hereto and incorporated herein.

Respectfully submitted,

William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
Tristan Manthey, La. Bar No. 24539
**HELLER, DRAPER, PATRICK & HORN, L.L.C.**
9311 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: 225.767.1499 // Fax: 225.761.0760

**Counsel for Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC**

## CERTIFICATE OF SERVICE

I, Barry W. Miller, attorney for Legends Gaming of Louisiana-1, LLC, et al. hereby certify that the *Notice of Issuance of Subpoena Duces Tecum to Joseph P. Brantley, IV,* (the "Notice"), was served on August ___, 2013, via. Email to the following parties in interest:

Louis M. Phillips on behalf of Global Gaming Legends, LLC, et al via. lphillips@gordonarata.com

William H. Patrick, III on behalf of Legends Gaming of Louisiana-1, LLC, et al, via. wpatrick@hellerdraper.com

S. Ault Hootsell, IIII on behalf of Intervenors, Ad Hoc Group of First Lien Lenders, via. hootsela@phelps.com

Barry W. Miller on behalf of Legends Gaming of Louisiana-1, LLC via. bmiller@hellerdraper.com.

Elizabeth Spurgeon on behalf of Global Gaming Bossier City, LLC, via. espurgeon@gordonarata.com

Patrick "Rick" M. Shelby on behalf of the "Global Parties," via. pshelby@gordonarata.com

This ___ day of August, 2013.

Respectfully submitted,

William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
Tristan Manthey, La. Bar No. 24539
**HELLER, DRAPER, PATRICK & HORN, L.L.C.**
9311 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: 225.767.1499 // Fax: 225.761.0760

**Counsel for Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC**

# UNITED STATES BANKRUPTCY COURT

Western     District   Louisiana

In re   Louisiana Riverboat Gaming
Partnership, et al    ,
        Debtor

Global Gaming Legends, LLC,  ,
et al        Plaintiff

v.

Legends Gaming of Louisiana-1, ›
LLC, et al      Defendant

## SUBPOENA IN
## AN ADVERSARY PROCEEDING

Case No. *    12-12013

Chapter   **11**

Adv. Proc. No. *  13-1007 c/w 13-1008

To:
    Joseph P. Brantley, IV , at his law offices, 6513 Perkins Road, Baton Rouge, Louisiana 70808-4259.

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    All documents listed on Attachment "A" attached hereto and incorporated herein.

| PLACE   Brantley & Associates, APLC<br>6513 Perkins Road<br>Baton Rouge, Louisiana 70808 | DATE AND TIME<br>September 13, 2013<br>at 10:00 o'clock a.m. |
|---|---|

    Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Barry W. Miller, Attorney for Legends Gaming of Louisiana-1, LLC, et al | DATE<br>*August 22, 2013* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Barry W. Miller with Heller, Draper, Patrick & Horn, LLC, 9311 Bluebonnet Blvd., Suite B, Baton Rouge, Louisiana 70810; Phone (225) 767-1499; email: bmiller@hellerdraper.com

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE                              SIGNATURE OF SERVER

                                                 ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT "A"
## (Subpoena Duces Tecum to Joseph P. Brantley, IV)

## A. INSTRUCTIONS:

1. Documents produced in response hereto shall be organized and designed to correspond to the categories set forth below or produced as they are kept in the usual course of business.

2. The Subpoena Duces Tecum shall extend to all documents and electronically stored information that are or have been in the possession, custody or control of the party to whom the subpoena is directed, or their employees, agents or other representatives (including, but not limited to, attorneys or partners), at any time during the period of time covered by the requests for production of documents.

3. All documents produced in response to this subpoena shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested.

## B. DEFINITIONS:

1. As used herein, the term "**document**" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each non-identical copy, regardless of origin and location, of any book, pamphlet, periodical, letter, correspondence, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statements, deposit slips, receipts, cancelled checks, bank statements, promissory notes, mortgages, liens, security agreements, UCC-1, account registry, diary, calendar, telex, telegram, cable, report, record, agreement, contract, phone message, email, ledger, journal, spread sheet, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody or control, or which was, but no longer is, in Your possession, custody or control.

2. As used herein, the term "**communication**" means, without limitation, any oral, written, or electronic transmissions of information demands, statements, or questions, including but not limited to, conversations, meetings, minutes, telephone calls, discussions, "e-mail" transmissions, voice mail, telegrams, telecopies, facsimiles, telexes, conferences, writings, letters, memoranda, notes, messages or documents.

3. As used herein, "**Global**" shall mean Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Bossier City, LLC, and Global Gaming Solutions, LLC, and their agents, representatives, attorneys, employees, officers and directors.

4.     As used herein, **"Legends"** shall mean the debtors in the Bankruptcy Cases, and the Defendants and Plaintiffs In Counterclaim in the above captioned complaint, Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC and their agents, representatives, attorneys, employees, officers and directors.

5.     As used herein, **"APA"** shall mean the Asset Purchase Agreement " entered into between Global and Legends dated July 25, 2012.

7.     As used herein, the term **"Amended APA"** shall mean the Amended APA entered into between Global and Legends on November 29, 2012.

8.     As used herein, the term **"agent"** shall mean any agent, representative, consultant, advisor, analyst, accountant, attorney, director, employee, and officer, or expert in any field, of or employed by the named party or any of its related entities.

9.     As used herein, the term **"Bankruptcy Case"** shall mean the administratively and jointly consolidated bankruptcy cases of the Legends entities, filed and pending in the United States Bankruptcy Court for the Western District of Louisiana , Shreveport Division, being lead case number 12-12013.

10     As used herein, the term **"Board** "shall mean the Louisiana Gaming Control Board, and any representatives, divisions or subcommittees thereof.

11.     As used herein, the term **"You"** or **"Your"** shall mean Joseph P. Brantley, IV, and his agent as defined above.

12.     As used herein the term **"Operational Documents"** shall mean any documents concerning or analyzing or summarizing the operational performance of Legends or its financial performances, including gross revenues, capital expenditures, expenses, costs, and other accounting summarization's or reports, accounting records or any documents concerning the operations, or business affairs of Legends.

## C.  DOCUMENTS REQUESTED:

1.     Any and all communications and documents between You and the Board concerning or relating to the operations of Global.

2.     Any and all communications and documents between You and Global concerning or relating to Global obtaining the necessary licenses and/or operating permits as required under the APA and Amended APA.

3.      Any and all communications and documents between You and Legends concerning or relating to Global obtaining the necessary licenses and/or operating permits as required under the APA and Amended APA.

4.      Any and all communications and documents concerning or relating to the negotiations and agreements between Global and Legends.

5.      Any and all communications and documents between You and any individuals who were involved in the monitoring, observation or consulting of Legends' operations subsequent to the execution of the APA and individuals who received any Operational Documents or reports, including financial information concerning the Legends' operations subsequent to the execution of the APA and any individuals who evaluated or reviewed any financial information or operational information of the debtor subsequent to the execution of the APA.

6.      Any and all internal memoranda, internal reports, emails or any communications amongst and between You and the agents of Global concerning or in any manner related to Legends.

7.      Any and all documents and communications between You and any of Global's committees, boards or subcommittee who participated in any evaluations, discussions or decisions concerning Legends, including decisions concerning the APA, Amendment to the APA, Global's pursuit of any licenses, approvals, authorizations or permits from the Board or any decisions concerning any course of action concerning the Bankruptcy Case and the filing of any legal pleadings or taking any course of action in the Bankruptcy Case, or concerning Legends' or Global's pursuit or any licenses, approvals, authorizations or permits from the Board.

8.      Any and all communications received from any agents or representatives or employees of Legends by You as an agent of Global, including emails, financial reports, financial information, operational reports status reports or any other information received from or concerning Legends.

9.      All communications between You and Global and the Board, including any and all reports, applications, requests for information, emails, letters, correspondence, transmittal of information, financial reports, or financial information transmitted concerning or in any way related to the APA or Amended APA or Global's attempt to obtain any licenses, permits, approvals , authorizations or certifications from the Board.

10.     All communications between You and Global and any governmental regulatory agency or board and any and all communications and/or transmittal of financial records or other documents to such regulatory agency or board concerning Global's attempts or efforts to obtain regulatory approval of the terms and provisions of the APA.

11.     Any and all documents transmitted by You to the Board or received by You from the Board, concerning or in any manner related to the APA, Amended APA, Legends, Global, or any persons or entities related to Global or Legends concerning Global's attempts to obtain any licenses, approvals, authorizations or permits from the Board or any other governmental agencies or divisions. .

12.     Any and all documents transmitted by You to Global or received by You from Global concerning or in any manner related to the APA, the amended APA, Legends, the Board, or Global's attempts to obtain any licenses, approvals, authorizations or permits.

13.     Any and all documents and communications, including, but not limited to letters, reports, emails, corporate resolutions, shareholder resolutions, mangers' resolutions, minutes of meetings of any boards or committees or shareholders or members, or emails, containing any communications between, amongst or issued or resolved by any and all directors, officers, agents, managers, employees, experts, accountants, advisors, consultants, analysts, shareholders, members of Global concerning or in any manner related to the APA, the Amended APA, the Board, Legends, the financial status of Legends, the operations of Legends, Global's attempts to obtain any approvals, licenses, authorizations or permits from any governmental agencies, boards, regulatory authorities or commissions.



GORDON
ARATA MCCOLLAM DUPLANTIS & EAGAN LLP

Louis M. Phillips
lphillips@gordonarata.com

One American Place
301 Main Street, Suite 1600
Baton Rouge, Louisiana 70801-1916
Ph. (225) 381-9643 · Fax (225) 336-9763
www.gordonarata.com

August 26, 2013

Ref:    5935-31904

Joseph P. Brantley, IV
Brantley & Associates, APLC
6513 Perkins Road
Baton Rouge, LA 70808-4259

Re:     Global Gaming Solutions, LLC - Subpoena

Dear Beaver,

As required by the Federal Rules, Legends has noticed us that its counsel sent you a subpoena to produce documents (a copy of which is enclosed herewith as Attachment A—hereinafter "Legends Subpoena"). While I do not know if the subpoena was actually served, or if you waived formal service, I assume the response date of September 13, 2013 is the current response date. I enclose herewith as Attachment B a copy of your engagement letter with Global Gaming Solutions, LLC ("Global") and your conflict waiver letter. I am authorized as counsel for Global (and other affiliates thereof) to write you this letter regarding the Legends Subpoena.

Global, as the holder of the attorney privilege has been, is and will be protected by the attorney client privilege regarding the any protected attorney-client communications with you during your representation of Global and during such other time as may be covered by the privilege, and Global intends to take any and all available actions necessary and appropriate to exert its rights to the fullest extent under applicable law as regards the attorney client privilege. The Legends Subpoena clearly (and intentionally, we think) seeks privileged information that if produced without the consent of Global would violate the attorney client privilege.

Global in no way waives the attorney client privilege. To best insure protection of the Global attorney client privilege, Global has authorized my firm and the Dentons firm to act as representatives of and counsel for Global in making certain Global remains protected, while recognizing the possible obligations imposed upon you by the subpoena. While we are amenable to working out a production structure and will be glad to discuss alternatives, Global must insist upon approval of the production of any document in any way related to your representation of Global. Further, with respect to your production, Global must be able to file the appropriate motion(s)—to quash and for protective order, for example in a timely fashion. We have been authorized to assist you with your production, to make as certain as we can that the two fold

Exhibit D to
Brantley
Declaration

protections—of you as regards the subpoena and of Global's attorney client privilege—are maintained.  We have reviewed Barry Miller's e-mail of today attached as Attachment C, and consider it frankly to be blustering drivel.  Global holds its privilege, as I know you recognize.  Neither Mr. Miller nor any of the other esteemed counsel for the Legends/Lender/consultant group are the Court or possess any measure of voice of authority.  I am available to discuss.

Very truly yours,

Louis M. Phillips

LMP/ja

| | | |
|---|---|---|
| In re | : | Case No.12-12013 |
| | : | |
| **LOUISIANA RIVERBOAT GAMING** | : | **Chapter 11** |
| PARTNERSHIP, *et al.*[1] | : | |
| | : | **Jointly Administered** |
| Debtors. | : | |

| | | |
|---|---|---|
| **GLOBAL GAMING LEGENDS, LLC,** | : | |
| ET AL. | : | |
| v. | : | |
| | : | **Adversary No. 13-1007** |
| **LEGENDS GAMING OF LOUISIANA-1,** | : | |
| LLC, ET AL. | : | |

**\* \* \* \* \* \* \* \* \* \* \* \* CONSOLIDATED WITH \* \* \* \* \* \* \* \* \* \* \* \* \* \***

| | | |
|---|---|---|
| **LOUISIANA RIVERBOAT GAMING** | : | |
| PARTNERSHIP, ET AL | : | |
| ET AL | : | |
| | : | **Adversary No. 13-1008** |
| v. | : | |
| | : | |
| **GLOBAL GAMING LEGENDS, LLC,** | : | |
| ET AL | : | |

## NOTICE OF ISSUANCE OF SUBPOENA DUCES TECUM
## TO JOSEPH P. BRANTLEY, IV

TO:   Global Gaming Legends, LLC, et al
         through their attorney of record,
         Louis M. Phillips
         Gordon, Arata, McCollam
         One American Place
         301 Main Street, Suite 1600
         Baton Rouge, LA  70801-1916

Intervenors,
through their attorney of record,
S. Ault Hootsell, III
Canal Place, Suite 2000
365 Canal Street
New Orleans, LA  70130-6534

---

[1]     Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [Main Case, P-6].

{00335168-1}                                    1.

EXHIBIT
A
Blumberg No. 5208

NOTICE IS HEREBY GIVEN that, pursuant to Rule 45 of the Federal Rule of Civil Procedure, made applicable herein by Fed. R. Bankr. P. 9016, Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC, through undersigned counsel, have issued a Subpoena Duces Tecum to Joseph P. Brantley, IV, ordering him to produce the documents listed in Attachment A, at the law offices of Brantley & Associate, APLC located at 6513 Perkins Road, Baton Rouge, Louisiana 70808, on September 13, 2013, at 10:00 o'clock a.m. A copy of the Subpoena Duces Tecum and Attachment A are attached hereto and incorporated herein.

Respectfully submitted,

William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
Tristan Manthey, La. Bar No. 24539
**HELLER, DRAPER, PATRICK & HORN, L.L.C.**
9311 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: 225.767.1499 // Fax: 225.761.0760

**Counsel for Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC**

## CERTIFICATE OF SERVICE

I, Barry W. Miller, attorney for Legends Gaming of Louisiana-1, LLC, et al. hereby certify that the *Notice of Issuance of Subpoena Duces Tecum to Joseph P. Brantley, IV,* (the "Notice"), was served on August 22, 2013, via. Email to the following parties in interest:

Louis M. Phillips on behalf of Global Gaming Legends, LLC, et al via. lphillips@gordonarata.com

William H. Patrick, III on behalf of Legends Gaming of Louisiana-1, LLC, et al, via. wpatrick@hellerdraper.com

S. Ault Hootsell, IIII on behalf of Intervenors, Ad Hoc Group of First Lien Lenders, via. hootsela@phelps.com

Barry W. Miller on behalf of Legends Gaming of Louisiana-1, LLC via. bmiller@hellerdraper.com.

Elizabeth Spurgeon on behalf of Global Gaming Bossier City, LLC, via. espurgeon@gordonarata.com

Patrick "Rick" M. Shelby on behalf of the "Global Parties," via. pshelby@gordonarata.com

This _22d_ day of August, 2013.

Respectfully submitted,

William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
Tristan Manthey, La. Bar No. 24539
HELLER, DRAPER, PATRICK & HORN, L.L.C.
9311 Bluebonnet Blvd.
Baton Rouge, Louisiana 70810
Telephone: 225.767.1499 // Fax: 225.761.0760

**Counsel for Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC**

{00335168-1}                                      3.

# UNITED STATES BANKRUPTCY COURT

Western _____ District _____ Louisiana

In re  Louisiana Riverboat Gaming
      Partnership, et al           ,
                    Debtor

Global Gaming Legends, LLC,
et al           Plaintiff

**v.**

Legends Gaming of Louisiana-1,
LLC, et al           Defendant

**SUBPOENA IN
AN ADVERSARY PROCEEDING**

Case No. * ___12-12013_____

Chapter ___11_____

Adv. Proc. No. * __13-1007 c/w 13-1008__

To:  Joseph P. Brantley, IV , at his law offices, 6513 Perkins Road, Baton Rouge, Louisiana  70808-4259.

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above adversary proceeding.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above adversary proceeding.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents listed on Attachment "A" attached hereto and incorporated herein.

| PLACE  Brantley & Associates, APLC 6513 Perkins Road Baton Rouge, Louisiana 70808 | DATE AND TIME September 13, 2013 at 10:00 o'clock a.m. |
|---|---|

Any organization not a party to this adversary proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in adversary proceedings by Rule 7030, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Barry W. Miller, Attorney for Legends Gaming of Louisiana-1, LLC, et al | DATE  *Aug ust 22, 2013* |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER Barry W. Miller with Heller, Draper, Patrick & Horn, LLC, 9311 Bluebonnet Blvd., Suite B, Baton Rouge, Louisiana 70810; Phone (225) 767-1499; email: bmiller@hellerdraper.com

* If the bankruptcy case or the adversary proceeding is pending in a district other than the district in which the subpoena is issued, state the district under the case number or adversary proceeding number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | | |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                 DATE                          SIGNATURE OF SERVER

                                           _____
                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT "A"
### (Subpoena Duces Tecum to Joseph P. Brantley, IV)

### A. INSTRUCTIONS:

1.    Documents produced in response hereto shall be organized and designed to correspond to the categories set forth below or produced as they are kept in the usual course of business.

2.    The Subpoena Duces Tecum shall extend to all documents and electronically stored information that are or have been in the possession, custody or control of the party to whom the subpoena is directed, or their employees, agents or other representatives (including, but not limited to, attorneys or partners), at any time during the period of time covered by the requests for production of documents.

3.    All documents produced in response to this subpoena shall be provided in their entirety notwithstanding the fact that portions thereof may contain information not requested.

### B. DEFINITIONS:

1.    As used herein, the term **"document"** means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original and each non-identical copy, regardless of origin and location, of any book, pamphlet, periodical, letter, correspondence, memorandum (including any memorandum or report of a meeting or conversation), invoice, bill, order form, receipt, financial statements, deposit slips, receipts, cancelled checks, bank statements, promissory notes, mortgages, liens, security agreements, UCC-1, account registry, diary, calendar, telex, telegram, cable, report, record, agreement, contract, phone message, email, ledger, journal, spread sheet, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing sketch, graph, index, list, tape, other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in Your possession, custody or control, or which was, but no longer is, in Your possession, custody or control.

2.    As used herein, the term **"communication"** means, without limitation, any oral, written, or electronic transmissions of information demands, statements, or questions, including but not limited to, conversations, meetings, minutes, telephone calls, discussions, "e-mail" transmissions, voice mail, telegrams, telecopies, facsimiles, telexes, conferences, writings, letters, memoranda, notes, messages or documents.

3.    As used herein, **"Global"** shall mean Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Bossier City, LLC, and Global Gaming Solutions, LLC, and their agents, representatives, attorneys, employees, officers and directors.

{00335156-3}                                      1.

4.     As used herein, **"Legends"** shall mean the debtors in the Bankruptcy Cases, and the Defendants and Plaintiffs In Counterclaim in the above captioned complaint,  Louisiana Riverboat Gaming Partnership; Legends Gaming, LLC; Legends Gaming of Mississippi-1, LLC; Legends Gaming of Mississippi-2, LLC; Legends Gaming of Mississippi, LLC and their agents, representatives, attorneys, employees, officers and directors.

5.     As used herein, **"APA"** shall mean the Asset Purchase  Agreement " entered into between Global and Legends  dated  July 25, 2012.

7.     As used herein, the term **"Amended APA"** shall mean the Amended APA entered into between Global and Legends on November 29, 2012.

8.     As used herein, the term **"agent"** shall mean any agent, representative, consultant, advisor, analyst, accountant, attorney, director, employee, and officer, or expert in any field, of or employed by the named party or any of its related entities.

9.     As used herein, the term **"Bankruptcy Case"** shall mean the administratively and jointly consolidated bankruptcy cases of the Legends entities, filed and pending in the United States Bankruptcy Court for the Western District of Louisiana , Shreveport Division, being lead case number 12-12013.

10     As used herein, the term **"Board** "shall mean the Louisiana Gaming Control Board, and any representatives, divisions or subcommittees thereof.

11.     As used herein, the term **"You"** or **"Your"** shall mean Joseph P. Brantley, IV, and his agent as defined above.

12.     As used herein the term **"Operational Documents"** shall mean any documents concerning or analyzing or summarizing the operational performance of Legends or its financial performances, including gross revenues, capital expenditures, expenses, costs, and other accounting summarization's or reports, accounting records or any documents concerning the operations, or business affairs of Legends.

## C.   DOCUMENTS REQUESTED:

1.     Any and all communications and documents between You and the Board concerning or relating to the operations of Global.

2.     Any and all communications and documents between You and Global concerning or relating to Global obtaining the necessary licenses and/or operating permits as required under the APA and Amended APA.

3.    Any and all communications and documents between You and Legends concerning or relating to Global obtaining the necessary licenses and/or operating permits as required under the APA and Amended APA.

4.    Any and all communications and documents concerning or relating to the negotiations and agreements between Global and Legends.

5.    Any and all communications and documents between You and any individuals who were involved in the monitoring, observation or consulting of Legends' operations subsequent to the execution of the APA and individuals who received any Operational Documents or reports, including financial information concerning the Legends' operations subsequent to the execution of the APA and any individuals who evaluated or reviewed any financial information or operational information of the debtor subsequent to the execution of the APA.

6.    Any and all internal memoranda, internal reports, emails or any communications amongst and between You and the agents of Global concerning or in any manner related to Legends.

7.    Any and all documents and communications between You and any of Global's committees, boards or subcommittee who participated in any evaluations, discussions or decisions concerning Legends, including decisions concerning the APA, Amendment to the APA, Global's pursuit of any licenses, approvals, authorizations or permits from the Board or any decisions concerning any course of action concerning the Bankruptcy Case and the filing of any legal pleadings or taking any course of action in the Bankruptcy Case, or concerning Legends' or Global's pursuit or any licenses, approvals, authorizations or permits from the Board.

8.    Any and all communications received from any agents or representatives or employees of Legends by You as an agent of Global, including emails, financial reports, financial information, operational reports status reports or any other information received from or concerning Legends.

9.    All communications between You and Global and the Board, including any and all reports, applications, requests for information, emails, letters, correspondence, transmittal of information, financial reports, or financial information transmitted concerning or in any way related to the APA or Amended APA or Global's attempt to obtain any licenses, permits, approvals , authorizations or certifications from the Board.

10.    All communications between You and Global and any governmental regulatory agency or board and any and all communications and/or transmittal of financial records or other documents to such regulatory agency or board concerning Global's attempts or efforts to obtain regulatory approval of the terms and provisions of the APA.

11.    Any and all documents transmitted by You to the Board or received by You from the Board, concerning or in any manner related to the APA, Amended APA, Legends, Global, or any persons or entities related to Global or Legends concerning Global's attempts to obtain any licenses, approvals, authorizations or permits from the Board or any other governmental agencies or divisions. .

12.    Any and all documents transmitted by You to Global or received by You from Global concerning or in any manner related to the APA, the amended APA, Legends, the Board, or Global's attempts to obtain any licenses, approvals, authorizations or permits.

13.    Any and all documents and communications, including, but not limited to letters, reports, emails, corporate resolutions, shareholder resolutions, mangers' resolutions, minutes of meetings of any boards or committees or shareholders or members, or emails, containing any communications between, amongst or issued or resolved by any and all directors, officers, agents, managers, employees, experts, accountants, advisors, consultants, analysts, shareholders, members of Global concerning or in any manner related to the APA, the Amended APA, the Board, Legends, the financial status of Legends, the operations of Legends, Global's attempts to obtain any approvals, licenses, authorizations or permits from any governmental agencies, boards, regulatory authorities or commissions.



# BRANTLEY & ASSOCIATES

### *Attorneys and Counselors at Law*

JOSEPH P. BRANTLEY, IV
EMAIL: jpbrantley@gmail.com

IAN S. McCREA
Of Counsel

April 19, 2012

Global Gaming Solutions, LLC
c/o N. Martin Stringer, Esq.
McAfee & Taft, a Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

RE:    **RETAINER AGREEMENT**

Gentlemen:

     Thank you for engaging Brantley & Associates, A Professional Law Corporation (the "Firm"), to represent and advise you in connection with all gaming and regulatory matters in Louisiana as such pertain to Global Gaming Solutions' acquisition of Legends Gaming and as you may additionally direct. This letter memorializes the Agreement between Client, and the Firm, (collectively the "Parties"). We understand the terms of the engagement of the Firm to be as set forth below.

1.    **OUR EXPECTED SCOPE OF REPRESENTATION**
   Louisiana gaming regulatory matters and governmental relations.

2.    **FEES GENERALLY**
   Client has agreed to be responsible for and pay all fees for professional services rendered by the Firm, as well as all interest and costs we incur in connection with our representation. Legal services will be billed on the basis of time spent by lawyers, paralegals and law clerks or administrative staff in handling any matter. At the present time, the rates that we will charge for lawyers range from $275.00 to $450.00 per hour; the rate for law clerks is $95.00 per hour; and the rate for legal assistants is $85.00 per hour. All rates are subject to change. Statements to Client will reflect the rate(s) in effect at the time services are performed. We will notify you in advance of any changes in rates, and rate changes will only be made to conform to rates in our geographic region or specialty for like professionals of comparable specialty experience or relationship status.

6513 Perkins Road | Baton Rouge, LA 70808 | P: 225.769.4555 | F: 225.769.0023



EXHIBIT
**B**

Client should understand that there are certain minimum time entries upon which we base our billing. For example, phone calls and email will be billed at a minimum of .25 hours, correspondence at a minimum .40 hours, and pleadings at a minimum .50 hours. Court or Administrative hearings will be billed at actual time, or a minimum of four (4) hours. Travel will be billed at actual time, and travel expense at .60 cents per mile or actual cost, whichever is greater.

3. **FEE MODIFICATIONS**

In the event it is necessary for the Firm or any of its attorneys or staff to work beyond normal business hours, over weekends or on holidays, the Firm retains the right to modify any hourly rate fee so as to reasonably compensate for the overtime required. Normal business hours in Louisiana are from 8:00 a.m. to 5:00 p.m. CDT or CST, as may be the case. A representative of the Firm will always be available to Client for consultation or representation, and Client will be provided with night, weekend and holiday contact information

4. **COSTS**

The costs mentioned in paragraph 2 above may include, but are not limited to, long distance telephone calls, photocopying, facsimiles, travel costs and related expenses, filing and recordation fees, postage, courier, and other fees not directly paid by Client. The Firm is not obligated to advance or pay any required costs; as such, Client may be called upon to pay costs directly if the situation warrants.

5. **STATEMENTS**

The Firm will render monthly statements for legal services and costs. Client agrees to pay each statement in full upon receipt but, not later than thirty (30) days after the statement date. All statements not paid in full by this time will bear interest at the rate of one and one-half percent ($1^{1}/_{2}\%$) per month on the unpaid portion from the statement date until paid.

6. **RETAINER**

Our normal initial advanced deposit (the "Retainer") is waived.

7. **STAFFING**

We anticipate that I will perform most of the work on this matter. My hourly rate is currently $350.00 per hour. We will assign other Firm lawyers or staff to any matter if, in our professional opinion, that becomes necessary or advisable or the task assigned can be easily accomplished and save Client's money. We are very conscious of the need, and will attempt at all times, to staff this matter in the most efficient and economic manner.

8. **OUTSIDE COUNSEL**

At our discretion and where the Firm believes it is in Client's best interest, the Firm will associate with outside counsel or consultants. Rates to be charged will not exceed the Firm's rates or those customary for like services in Louisiana, and best efforts will be made to insure no duplication of work product.

9. **TERMINATION**

Either Party may terminate this Agreement at any time upon written notice. However, Client shall remain responsible for all fees earned and expenses incurred by the Firm, together with any interest accrued on its account as of the effective date of termination

10. **NO GUARANTEE OF SUCCESS**

Issues involving gaming regulatory, matters are very detailed and complex, involving questions of personal and company suitability. Under Louisiana Gaming Laws, the regulators may conduct in depth investigations into both personal and business financial matters. A final determination of suitability for a gaming license or permit is dependent upon statutory criteria and is not guaranteed.

11. **NOTICES**

Any notices or communications required or needed pursuant to this Agreement shall be given as follows, with the primary method of communication being email, then by fax and lastly US Postal mail.

**FIRM:**          Joseph P. Brantley, IV
Brantley & Associates, A P.L.C.
6513 Perkins Road
Baton Rouge, LA 70808
Telephone: (225) 769-9555
Fax: (225) 769-9222
Email: jpbrantley@gmail.com

## WIRE INFORMATION

**BANK:**
Capital One Bank
6920 Bluebonnet Blvd.
Baton Rouge, LA  70810

**BANK ACCOUNT NAME:**
Joseph P. Brantley, IV
A Professional Law Corporation
6513 Perkins Road
Baton Rouge, LA  70808

**BANK OFFICER:**
Sue Frickie, V.P.,
Branch Manager
Phone (225) 381-7550

**BANK ACCOUNT NUMBER:**
792149103

**BANK ABA NUMBER:**
065 000 090

**CLIENT:**     Global Gaming Solutions, LLC
c/o N. Martin Stringer, Esq.
McAfee & Taft, a Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

**12.    CHOICE OF LAW**
The laws and Rules of Professional Conduct for the State of Louisiana shall govern this Agreement.

**13.    SEVERABILITY**
The provisions of this Agreement are severable.  The Parties mutually agree that if any court of competent jurisdiction adjudges any part of this Agreement invalid or unenforceable, then that invalid or unenforceable provision shall not invalidate the remaining provisions.

**14.    ENTIRE AGREEMENT**
The foregoing covers the essential elements of our Attorney-Client relationship. If you would like me to further explain any aspect of our representation or to clarify any matters set forth herein, I will be happy to do so.  If you have any other questions about a particular statement or any other aspect of our services, please feel free to bring it to my attention.

**15.    EFFECTIVE DATE AND EXECUTION**
This Agreement shall be effective as of April 1, 2012 and any services rendered prior thereto shall be appropriately billed.

If this letter accurately sets forth our understanding of our Attorney-Client relationship, please date, sign, and return one copy as soon as possible.

Yours very truly,

Joseph P. Brantley, IV

*Agreed to and accepted this _____ day of _____ 2012.*

GLOBAL GAMING SOLUTIONS, LLC

By: _____

6513 Perkins Road | Baton Rouge, LA 70808 | P: 225.769.9555 | F: 225.769.0023



# BRANTLEY & ASSOCIATES

*Attorneys and Counselors at Law*

JOSEPH P. BRANTLEY, IV
jpbrantley@gmail.com

IAN S. McCREA
Of Counsel

April 19, 2012

Global Gaming Solutions, LLC
c/o N. Martin Stringer, Esq.
McAfee & Taft, a Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, Oklahoma 73102-7103

Re:    Global Gaming Solutions/Waiver of Conflict of Interest

Dear Martin:

Thank you for asking my firm to represent Global Gaming Solutions, LLC ("Global") in connection with their business activities in Louisiana. Specifically, we have been asked to represent Global in connection with the acquisition of the assets and/or membership interests of Legends Gaming, LLC ("Legends"). We understand that the business terms of the transaction are being negotiated by your firm, as counsel to Global and our role will be to serve as local counsel on Louisiana law and regulatory issues. We also understand that, with respect to any business terms of the transaction, Legends will retain and look solely to Brian Hart with Jenner & Block, LLP for representation in such matter.

This letter is to confirm that, based on the terms described in this letter, Global agrees to waive the conflict of interest, which exists with respect to our representing Legends and its affiliates in other matters. Should any other potential or actual conflict arise between Global and Legends, we may be precluded from further representation of any party in the matter absent an additional consent from the applicable parties. Under some circumstances, such as litigation between Global and Legends, a conflict could be sufficient that we would not be able to represent either Global or Legends in that matter, even with consent.

I would appreciate your having the enclosed copy of this letter executed by an authorized representative of Global in the space indicated below and returning it to me.

We are sending under separate cover a proposed engagement letter for our representation of Global.

Should you have any questions, please give me a call at your earliest convenience.

Yours very truly,

Joseph P. Brantley, IV

JPB/kdf

AGREED AND APPROVED:

GLOBAL GAMING SOLUTIONS, LLC

By: _____

Title: _____

Date: _____

| | |
|---|---|
| **From:** | Barry Miller [bmiller@hellerdraper.com] |
| **Sent:** | Monday, August 26, 2013 10:30 AM |
| **To:** | Joseph Brantley |
| **Cc:** | Gene Beeson; Louis Phillips; Alida Wientjes; Cherie Dessauer Nobles; William H. Patrick III; Jason Kolbe; ROB Malionek |
| **Subject:** | Beaver, |

Beaver,

This email is in reference to the document subpoena that I issued to you on behalf of Legends Gaming and its related entities.. The document production is scheduled for September 13, 2013, at 10 am at your office. I discussed the subpoena with Louis Phillips and his co- counsel, Gene Besen, on Friday. As I am sure you are aware, there was a disagreement concerning the privilege surrounding your communications with the individual parties and their respective representatives, consultants, advisors or attorneys.

We did agreed that you could produce any communications that included both parties or third parties or were with third parties. Therefore, any communications that were between or included both Legends and Global must be produced. Additionally, any communications with third parties, including any state agencies, boards, commissions, state police or any of their respective representatives or sub agencies must be produced. At this time we are not interested in any individual's personal financial records. However, we will require any transmittal letters or communications concerning or related to such information or applications or requests for such information or applications.

We disagreed as to the parameters of the attorney client privilege by virtue of your dual representation of both parties. This is an issue that the court will be required to resolve.

Louis advised that he will contact you to discuss and indicated that he will review all documents before they are produced. However, until the privilege issue is resolved, I am advising you that Legends, and its related and affiliated entities, do not waive any privileges either. This would include any communications you had with any Legends representatives , employees , consultants , attorneys and advisors, that did not include Global or any third parties. We further assert the privilege as to any communications with any of Legends et. al.'s consultants and advisors, including but not limited to, Seaport Financial, its representatives and employees, including but not limited to Michael Richards and Eben Perison. The privilege would also encompass Legends' " Common Interest" participants,ie. the First Lien Lender Group, and any of its representatives, advisors, consultants or attorneys. We therefore direct that any communications you had with Houlihan , Lokey, and any of its representatives, consultants or attorneys, including any attorneys with Latham and Watkins, Phil Preis or Tuck Hardie, and others within this category, may not be produced to Global at this time. .

Therefore, we are not authorizing you to provide Global with any documents or information that could be privileged as set forth above. If you have any questions or uncertainties as to any particular documents or communications, please contact me.

I am sure that if I misstated Global's position that Mr. Phillips or Mr. Besen will clarify their position. I am sending them copies of this email.

Thank you for your courtesies and cooperation in this matter.

Barry W. Miller
Heller, Draper, Patrick & Horn, L.L.C.
9311 Bluebonnet Blvd.
Baton Rouge, LA 70810
Telephone: (225) 767-1499
Fax: (225) 761-0760



EXHIBIT
C

1

CONFIDENTIALITY NOTICE: This Email transmission and/or the documents accompanying it may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone (504) 299-3300 or by return Email to arrange for return of the information or destruction of the same.