UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Case No.12-12013 |
| | : | |
| LOUISIANA RIVERBOAT GAMING | : | Chapter 11 |
| PARTNERSHIP, *et al.*[1] | : | |
| | : | Jointly Administered |
| Debtors. | : | |

| | | |
|---|---|---|
| GLOBAL GAMING LEGENDS, LLC, | : | |
| ET AL. | : | Adversary No. 13-1007 |
| | : | |
| versus | : | CONSOLIDATED WITH |
| | : | |
| | : | Adversary No. 13-1008 |
| LEGENDS GAMING OF LOUISIANA-1, | : | |
| LLC, *et al.* | : | |

### THE DEBTORS' AND THE FIRST LIEN PARTIES' MOTION FOR PARTIAL SUMMARY JUDGMENT OF GLOBAL'S BREACH OF CONTRACT CLAIM AND FEASIBILITY DEFENSE AND *MOTION IN LIMINE* CONCERNING FEASIBILITY

**NOW INTO COURT**, through undersigned counsel, come Debtors/Defendants/Plaintiffs-in-Counter-Claim, Louisiana Riverboat Gaming Partnership, Legends Gaming of Louisiana-1, LLC, Legends Gaming of Louisiana-2, LLC, Legends Gaming, LLC, Legends Gaming of Mississippi, LLC and Legends Gaming of Mississippi RV Park, LLC, (hereinafter referred to collectively as "Legends" or the "Debtors"), and Wilmington Trust Company, solely in its capacity as Administrative Agent (the "First Lien Agent") under that certain Amended and Restated First Lien Credit Agreement, dated as of August 31, 2009 (the "First Lien Credit Agreement"), and the ad hoc group of lenders under the First Lien Credit

---

[1] Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [Main Case, P-6].

Agreement who have intervened in the above-captioned adversary proceeding (together with the First Lien Agent, the "First Lien Parties"), who jointly file this *Motion for Partial Summary Judgment of Global's Breach of Contract Claim and Feasibility Defense and Motion in Limine Concerning Feasibility* (the "Motion").

1. As the *Memorandum of Law* and *Rule 56.1 Statement of Material Facts Not in Dispute*, attached hereto, and the record of the Debtors' bankruptcy cases indicate, the material facts in this case are quite simple and undisputed and Legends and the First Lien Parties are entitled to judgment as prayed for as a matter of law.

2. Legends and Global[2] entered into that certain Purchase Agreement By and Among Legends Gaming, LLC, Legends Gaming of Louisiana-1, LLC, Legends Gaming of Louisiana-2, LLC, and Legends Gaming of Mississippi, LLC, As Seller and Louisiana Riverboat Gaming Partnership and Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC and Global Gaming Bossier City, LLC As Purchasers and Global Gaming Solutions, LLC As Guarantor Dated as of July 25, 2012 dated as of July 25, 2012 [P-290-1, Main Case] (hereinafter, the "APA"). In accordance with the terms of the APA, Legends was required to file a chapter 11 bankruptcy petition and obtain confirmation of a liquidating chapter 11 plan which embodied the APA.

3. On July 31, 2012, in accordance with the APA, Legends filed petitions for relief under chapter 11 of the United States Bankruptcy Code and the related cases were consolidated pursuant to the orders of this Honorable Court.

---

[2] Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Bossier City, LLC and Global Gaming Solutions, LLC (referred to collectively as "Global").

4. On October 26, 2013, the Debtors filed their original *Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as of October 26, 2012* [P-248, Main Case].

5. On November 29, 2012, because of a dispute between Global and Legends, and in order to resolve the disputes and proceed with confirmation of the plan and consummation of the APA, the APA was amended with substantial consideration and benefits given to Global as set forth in the First Amendment to Purchase Agreement [P-290-1, Main Case]. Contemporaneously therewith, on November 29, 2012, the Debtors filed their amended *Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended Through November 29, 2012* [P-290, Main Case] (the "November Plan") and *Joint Disclosure Statement for Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended through November 29, 2012* [P-291, Main Case] (the "November Disclosure Statement").

6. On December 3, 2012, a hearing was held on the November Disclosure Statement, which was approved by the Court. Global attended the hearing through its attorneys Louis J. Price of McAfee & Taft, and Louis M. Phillips of Gordon Arata. Through its counsel, Global indicated its approval and consent to the November Disclosure Statement at the December 6, 2012 hearing.

7. On December 6, 2012, the Court entered the *Order Approving Disclosure Statement for the Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as of November 29, 2012 and on Matters Related Thereto* [P-300, Main Case] ("Disclosure Statement Order"), approving the November Disclosure Statement and setting the hearing on the confirmation of the November Plan for February 6, 2013.

8. After the Disclosure Statement Order was entered, Global decided that it no longer wished to go forward with and consummate the APA and that it would disrupt and prevent confirmation of the November Plan. Global proceeded to take actions to repudiate the APA, as amended, and to breach the APA, as amended.

9. On December 20, 2012, Global filed *Global Gaming's Motion for Order Vacating Order Approving Joint Disclosure Statement for the Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended Through November 29, 2012 [Dkt. No. 300 and Adjourning Confirmation Hearing Pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024* [P-313, Main Case] (the "<u>Motion to Vacate</u>") requesting the Court vacate the approval of the November Disclosure Statement and adjourn, indefinitely, the hearing on the confirmation of the November Plan. (Under the terms of the APA, the November Plan had to be confirmed by February 26, 2013. *See,* APA, Sections 3.2 and 9.1(h)).

10. On January 2, 2013, the Court entered the *Order Upon Global Gaming's Motion for Order Vacating Order Approving Joint Disclosure Statement and Approving Supplement to Joint Disclosure Statement for Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended through November 29, 2012* [P-329, Main Case], denying Global's Motion to Vacate and granting the Debtors' request that they be allowed to supplement the November Disclosure Statement. Additionally, the Court refused to adjourn or continue the confirmation hearing scheduled for February 6, 2013.

11. Dissatisfied with the Court's ruling, and in furtherance of its objective to prevent consummation of the APA and confirmation of the November Plan, on January 25, 2013, Global filed *Global Gaming's Objection to the Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended through November 29, 2012 [Dkt. No. 290]* [P-

4

353, Main Case] ("Global's Plan Objection"), objecting to the November Plan, and alleging, inter alia, that the November Plan was not "feasible" and could not be confirmed pursuant to 11 U.S.C. § 1129(a)(11), the commonly referred to "feasibility" requirement under Chapter 11 of the Bankruptcy Code.

12. Global's filing of the Motion to Vacate as well its Plan Objection and opposition to confirmation of the November Plan, constituted clear and unequivocal repudiation of and a breach of the APA, as amended. *See*, APA, Sections 5.3(b) and 5.3(d)

13. Realizing that confirmation of the November Plan would only lead to protracted, time consuming and expensive litigation with Global, the Debtors exercised their contractual rights under Section 9.1 of the APA, and on January 30, 2013, withdrew the November Plan. *See*, *Notice of Withdrawal Joint Chapter 11 Plan for Louisiana Riverboat Gaming Partnership and Affiliates as Amended through November 29, 2012* [P-360, Main Case]. Thus, the confirmation hearing was rendered moot. Soon thereafter, the instant litigation ensued.

14. Global has maintained either as an affirmative defense or affirmative claim in support of its *First Amended Complaint* [P-49] that the November Plan could not have been confirmed because it was not feasible and, therefore, the Debtors are not entitled to recover any damages as a result of Global's repudiation and breach of the APA.

15. Previously, the Debtors filed *Defendant's Motion for A Protective Order Precluding Discovery Concerning the Feasibility of the Debtors' Chapter 11 Plan of Reorganization* [P-68] ("Motion for Protective Order") seeking relief pursuant to Rule 26(c) of the Federal Rules of Civil Procedure made applicable to the instant proceeding by Rule 7026 of the Federal Rules of Bankruptcy Procedure, which concerned the feasibility of the Debtors' November Plan. In connection therewith, Global filed *Global Gaming's Objection to*

5

*Defendant's Motion for A Protective Order Precluding Discovery Concerning the Feasibility of the Debtors' Chapter 11 Plan of Reorganization* [P-81], arguing the Motion for Protective Order was not properly before the Court pursuant to Rule 26(c), but would be properly brought before the Court as a motion for summary judgment or a motion in limine pursuant to Rule 56 of the Federal Rules of Civil Procedure, made applicable to these proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure.

16. On September 25, 2013, the Court held a hearing on the Debtors' Motion for Protective Order, and the Court agreed with Global that the motion for protective order was not properly before the Court pursuant to Rule 26(c), but could be brought under Rule 56 or as a motion in limine and, therefore, denied the Debtors' Motion for Protective Order without considering the merits or issues presented. The Debtors indicated at the hearing that they would amend and restyle the motion and present it to the Court as a motion for summary judgment and/or as a motion in limine, which they have now done.

17. Global has also erroneously asserted as an affirmative claim, and as a defense to the Debtors' and Third Lien Parties claims, that the Debtors' breached the APA by failing to make required capital expenditures prior to the Amendment of November 29, 2012.

18. For the reasons set forth in the attached supporting memorandum, Global's claims and defenses alleging that the Debtors breached the APA or Amendment by failing to make required capital expenditures should be dismissed.

19. This Court can properly grant this Motion in favor of the Debtors and the First Lien Parties as there is no genuine issue of material fact and the Debtors and the First Lien Parties are entitled to the relief requested as a matter of law. *See*, Statement of Material Facts Not in Dispute.

20. For the foregoing reasons and as will be more fully set forth in the attached Memorandum in Support of the Debtors' and First Lien Parties' Motion for Partial Summary Judgment of Global's Breach of Contract Claim and Feasibility Defenses and Motion in Limine Concerning Feasibility, there are no material issues in dispute, and Legends and the First Lien Parties are entitled to judgment as a matter of law as prayed for.

**WHEREFORE**, Debtors/Defendants/Plaintiffs-in-Counter-Claim, Louisiana Riverboat Gaming Partnership, Legends Gaming of Louisiana-1, LLC, Legends Gaming of Louisiana-2, LLC, Legends Gaming, LLC, Legends Gaming of Mississippi, LLC and Legends Gaming of Mississippi RV Park, LLC, and the First Lien Parties specifically pray that Global's breach of contract claim, and any defense predicated on that claim, be dismissed, and further pray that the Court preclude evidence concerning the feasibility of the November Plan at trial, or in the alternative, determine that Global's articulated standard of feasibility is erroneous.

**[signatures on next page]**

This 23rd day of October, 2013

Respectfully submitted,

BY:    /s/ Barry W. Miller
William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
**Heller, Draper, Patrick & Horn, L.L.C.**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Telephone:(504)299-3300
Fax: (504) 299-3399

BY:*/s/Andrew K. Glenn*
Andrew K. Glenn (admitted *pro hac vice*)
Olga L. Fuentes-Skinner (admitted *pro hac vice*)
**Kasowitz, Benson, Torres & Friedman LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

**ATTORNEYS FOR THE DEBTORS**

—AND—

BY:    */s/ Robert Malionek*
Paul E. Harner (admitted *pro hac vice*)
Michael J. Riela (admitted *pro hac vice*)
Robert J. Malionek (admitted *pro hac vice*)
**Latham & Watkins LLP**
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200

8

**PHELPS DUNBAR LLP**
S. Ault Hootsell III
Canal Place
365 Canal Street • Suite 2000 New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Email: Ault.Hootsell@phelps.com

**ATTORNEYS FOR WILMINGTON TRUST COMPANY AND THE *AD HOC* GROUP OF FIRST LIEN LENDERS**