UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| In re | : | Case No.12-12013 |
| | : | |
| LOUISIANA RIVERBOAT GAMING PARTNERSHIP, *et al.*[1] | : | Chapter 11 |
| | : | |
| | : | Jointly Administered |
| Debtors. | | |

| | | |
|---|---|---|
| GLOBAL GAMING LEGENDS, LLC, ET AL. | : | |
| | : | |
| v. | : | |
| | : | Adversary No. 13-1007 |
| LEGENDS GAMING OF LOUISIANA-1, LLC, ET AL. | : | |

* * * * * * * * * * * CONSOLIDATED WITH * * * * * * * * * * * * * *

| | | |
|---|---|---|
| LOUISIANA RIVERBOAT GAMING PARTNERSHIP, ET AL ET AL | : | |
| | : | Adversary No. 13-1008 |
| v. | : | |
| | : | |
| GLOBAL GAMING LEGENDS, LLC, ET AL | : | |

STIPULATION OF CONFIDENTIALITY AND
[PROPOSED] PROTECTIVE ORDER

---

[1] Legends Gaming of Louisiana-1, LLC (12-12014); Legends Gaming of Louisiana-2, LLC (12-12015); Legends Gaming, LLC (12-12017); Legends Gaming of Mississippi, LLC (12-12019); and Legends Gaming of Mississippi RV Park, LLC (12-12020) are being jointly administered with Louisiana Riverboat Gaming Partnership pursuant to order of this Court [Main Case, P-6].

IT IS HEREBY STIPULATED AND AGREED, between undersigned counsel for the parties to this action, as follows:

**SCOPE OF PROTECTIVE ORDER REGARDING CONFIDENTIALITY**

1. The terms of this Protective Order shall govern the disclosure, use and disposition of confidential materials disclosed by any party or non-party in relation to the above-captioned proceeding.

**DESIGNATION OF CONFIDENTIAL INFORMATION**

2. "Confidential Information," as used herein, means any type or classification of information, so designated, that is nonpublic, proprietary, commercially sensitive, considered confidential, or that falls within the term "trade secret." It may include information in any form, including without limitation a document and information contained in a document or revealed during a deposition.

3. In designating information as Confidential Information, the designating party will make such designation as to information that it in good faith believes qualifies as Confidential Information. Confidential Information shall be designated by marking "CONFIDENTIAL or a designation similar in substance, on the thing or each page of a document containing the Confidential Information. The designation will apply to that document and information, and all copies or recitations thereof.

4. In the case of a deposition transcript, a party claiming that information contained therein is confidential shall advise all other counsel in writing of the fact that the deposition or a portion thereof is to be treated as Confidential Information within ten (10) days following receipt of the transcript of the deposition. Alternatively, information disclosed at a deposition may be

designated as Confidential Information by so indicating on the record at the deposition. All depositions shall be treated as Confidential Information for ten (10) days after receipt of a final transcript.

5. Confidential Information shall not lose its confidential character simply because the information is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript is itself later designated, in whole or in part, as Confidential Information.

6. In the event that any Confidential Information is used in any pleading or hearing in connection with this proceeding, it shall not lose its confidential status through such use. The parties shall take all steps reasonably required to protect its confidentiality during such use.

7. Any material which is being produced in an electronic format, whether by CD-ROM, computer disk, magnetic tape, or otherwise, may be designated as Confidential Information by marking the object or thing containing the information as such.

## USE OF CONFIDENTIAL INFORMATION

8. All Confidential Information shall be subject to the following restrictions:

   a. Confidential Information shall be used solely for the purpose of this proceeding, and shall not be used for any other purpose;

   b. Confidential Information shall not be shown or communicated in any way inconsistent with this Protective Order; and

   c. No person receiving Confidential Information pursuant to the terms of this Protective Order shall disclose it to anyone except as expressly allowed by this Protective Order.

9. Each individual who receives Confidential Information agrees to subject himself to the jurisdiction of this tribunal solely for purposes of any and all proceedings relating to compliance with or violation of this Protective Order and shall be put on notice that violation of the Protective Order shall subject him to sanctions. This Protective Order and the agreement by

an individual to this provision shall not be construed as a waiver of any individual's or entity's objection to personal jurisdiction in this tribunal; nor shall this Protective Order subject an individual or entity to the jurisdiction of this tribunal other than with respect to enforcing this Protective Order, if jurisdiction does not otherwise exist over the individual or entity.

## PERSONS WITH WHOM CONFIDENTIAL INFORMATION MAY BE SHARED

10. Access to Confidential Information shall be restricted solely to the following persons:

> (i) Attorneys for the parties, including attorneys employed by their law firms, while serving as counsel of record.
>
> (ii) In-house attorneys and/or general counsel for a party who are employed by a party and who are involved in the proceeding.
>
> (iii) Clerical personnel and paralegals employed by said attorneys in the course of assisting said attorneys.
>
> (iv) Financial advisors or consultants retained by parties to advise and negotiate on behalf of parties involved in the proceeding.
>
> (v) Officers and employees of each of the parties but only to the extent such officers and employees reasonably require access to such material for the purpose of assisting in this proceeding.
>
> (vi) Any consulting or testifying experts who: (1) have been retained by a party or its attorneys as an expert; and, prior to gaining such access, (2) have signed a document in the form of Exhibit "A" attached hereto, which document shall be maintained by counsel.
>
> (vii) Deponents and other potential witnesses who, prior to gaining access, have signed a document in the form of Exhibit "A" attached hereto, which document shall be maintained by counsel.
>
> (viii) The Court, its personnel, court reporters and videographers attending or transcribing a deposition containing Confidential Information.
>
> (ix) Any other person who is designated to receive Confidential Information by: (1) stipulation of the designating entity; or (2) Order of the Court.

11. Confidential Information, as well as duplicates, notes, memoranda and other documents referring in whole or in part to such information, shall be maintained in the strictest confidence by all parties and their counsel. Confidential Information received by a party shall be maintained by its outside counsel in a secure location and not at any location controlled by the opposing party, or by any director, officer, employee, consultant or agent of the opposing party.

12. At the request of any party, attendance at depositions may be restricted during the disclosure of Confidential Information to those persons who are authorized to have access to the Confidential Information.

13. This Protective Order does not limit the right of the producing party to use its own Confidential Information for any purpose.

14. If Confidential Information is subpoenaed or requested from anyone who is not the designating party by any court or any other person or entity not a party to this action, the entity to whom the subpoena is directed shall, to the extent permitted by law given the nature of the subpoena or request, (i) immediately notify in writing counsel for the designating party, advising counsel of the response time for the order or subpoena, and (ii) notify the subpoenaing court, person or entity of the existence of this Protective Order and that the information demanded has been identified as confidential pursuant to this Protective Order. The responsibility for attempting to prevent the disclosure or production of such Confidential Information shall rest exclusively with the entity that designated the information as Confidential Information, and it shall respond within the time designated in the subpoena. A party's voluntary compliance with a subpoena for that party's Confidential Information shall not be construed as a waiver of the confidentiality provisions of this Protective Order.

## RAISING CHALLENGES

15. This Protective Order shall be without prejudice to the right of the parties or others to request additional or differing protection. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time made, but, if a challenge is to be made, that challenge must be filed no later than thirty (30) days before the pre-trial conference.

16. Subject to the provisions of Section 15 hereof, any party may bring before the Court at any appropriate time the question of:

> (i) whether any particular information is or is not appropriately designated as Confidential Information;

> (ii) the need to be relieved of any obligation of the Protective Order;

> (iii) a modification or withdrawal of the Protective Order; and

> (iv) any other action affecting discovery in this case, the use of documents or information, or the Protective Order.

17. Prior to bringing any such question before the Court, the parties shall try first try to dispose of such dispute by meeting and conferring, in person or otherwise, in good faith on an informal basis.

## INADVERTENT OR UNINTENTIONAL DISCLOSURE

18. An inadvertent or unintentional disclosure of Confidential Information or privileged material will not be construed as a waiver, in whole or in part, of (i) any party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or after that date, or (ii) any party's right to designate said material as Confidential Information pursuant to this Protective Order.

19. Confidential or privileged information that is inadvertently or unintentionally produced, along with all work product that reflects or derives from such information and all

copies thereof, shall, to the extent permitted by law, be returned to the producing party, destroyed, or deleted, either upon request or promptly upon discovery of the inadvertent or unintentional disclosure, whichever occurs first. If the issue of privilege or intent of production is challenged, the receiving party may retain the allegedly privileged material and any derivative work product until the issue is determined by this Court, but such material shall be treated as confidential information and the receiving party shall make no use of any kind of such material or work product other than as necessary to obtain a ruling from the Court. Any such information or materials submitted to the Court in connection with a challenge to the Disclosing Party's claim of attorney-client privilege or work product protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

20. The inadvertent or unintentional production of alleged confidential or privileged information shall not be construed or argued to be a waiver of the privilege or confidentiality, and neither shall its return be construed as an admission that a privilege exists. Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege. The non-waiver of claims of attorney-client privilege and work product protection shall apply to the litigation pending before the Court as well as any other federal or state proceeding.

21. Nothing in this Stipulated Order shall waive or limit any protections afforded the parties under Federal Rule of Evidence 502.

**RELEASE AND DESTRUCTION OF CONFIDENTIAL INFORMATION**

22. This Protective Order shall survive the final termination of this proceeding and shall remain in effect after the conclusion of this proceeding. Within ninety (90) days after the conclusion of the proceeding (including any appeal), each party shall, to the extent permitted by law, use commercially reasonable efforts either (i) to return all Confidential Information to the party that designated the information as Confidential Information or (ii) to destroy all

Confidential Information. The destruction of materials as specified above includes pertinent portions of all notes, memoranda, summaries, or other documents (excluding pleadings, attorney notes and work product) in the possession, custody or control of any party or person who had access to such information, including each party's attorneys, witnesses and experts.

## MISCELLANEOUS PROVISIONS

23. All notices required by this Protective Order shall be delivered by fax, email, and/or overnight courier.

24. This Protective Order may only be modified by subsequent order of this Court.

25. Nothing herein shall be deemed a waiver of and nothing herein shall in any way affect, limit, or diminish or be deemed a basis for estoppel with respect to any right, claim, defense of any of the parties hereto, within these adversary proceedings or elsewhere.

The parties shall treat this Stipulation and Order as effective upon execution.

William H. Patrick, III, La. Bar No. 10359
Barry W. Miller, La. Bar No. 09678
Tristan Manthey, La. Bar No. 24539
Cherie Dessauer Nobles, La. Bar No. 30476
Heller, Draper, Patrick & Horn, L.L.C.
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130
Phone: 504-299-3300
Fax: 504-299-3399

Andrew K. Glenn (admitted *pro hac vice*)
Olga L. Fuentes-Skinner (admitted *pro hac vice*)
**Kasowitz, Benson, Torres & Friedman LLP**
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Fax: (504) 299-3399

**COUNSEL FOR LOUISIANA RIVERBOAT GAMING PARTNERSHIP AND ITS AFFILIATES**

**GORDON, ARATA, MCCOLLAM,
DUPLANTIS & EAGAN, LLC**

By: /s/ <u>Louis M. Phillips</u>
Louis M. Phillips (La. Bar No. 10505)
Elizabeth A. Spurgeon (La. Bar No. 33455)
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Phone: (225) 381-9643
Facsimile: (225) 336-9763
Email: lphillips@gordonarata.com
Email: espurgeon@gordonarata.com

- AND -

Steven W. Copley (La. Bar No. 16869)
Patrick ("Rick") M. Shelby (La. Bar No. 31963)
201 St. Charles Avenue, 40th Floor
New Orleans, Louisiana 70170-4000
Telephone: (504) 582-1111
E-Mail: SCopley@gordonarata.com
E-Mail: PShelby@gordonarata.com

- AND -

**DENTONS US LLP**
C. Michael Moore (*pro hac* vice pending)
Gene R. Besen   (*pro hac* vice pending)
2000 McKinney Ave, Suite 1900
Dallas, TX  75201
Telephone: (214) 259-0900
Facsimile:   (214) 259-0910
Email: mike.moore@snrdenton.com
Email: gene.besen@snrdenton.com

*Attorneys for Global Gaming Legends, LLC, Global Gaming Vicksburg, LLC, Global Gaming Solutions, LLC and Global Gaming Bossier City, LLC*

_____
S. Ault Hootsell III
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000 New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311

Telecopier: (504) 568-9130
Email: Ault.Hootsell@phelps.com


Paul E. Harner
Michael J. Riela
Robert J. Malionek
**LATHAM & WATKINS LLP**
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Telecopier: (212) 751-4864
Email: Paul.Harner@lw.com
Michael.Riela@lw.com
Robert.Malionek@lw.com

**COUNSEL FOR WILMINGTON TRUST COMPANY AND THE *AD HOC* GROUP OF FIRST LIEN LENDERS**

# Exhibit A

I, _____ declare as follows

1. I have read the Protective Order and agree to be bound by its terms.

2. I understand that the unauthorized disclosure or use of documents and information designated or considered as Confidential Information will breach this agreement and may subject me to sanctions, among other things.

3. I submit to the exclusive jurisdiction of this Court in this proceeding, solely for resolution of any and all disputes regarding the Protective Order, including its interpretation, meaning and construction; disputes regarding or arising from documents and information provided pursuant to or subject to the Order; and, allegations of breach or noncompliance with the Order. I further agree to accept service by mail of any pleading or notice pertaining to enforcement of this Order, including without limitation its meaning, and specifically including any motion for sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:

_____

Full Name
Street Address
City, State and Zip Code